UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, INC.<br><br>                   Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and UNITED STATES DEPARTMENT OF STATE,<br><br>                   Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C § 552** *et. seq.*<br><br>Civil Action No. 1:23-cv-8790 |

1. This case seeks records relating to the U.S. Refugee Admissions Program (USRAP) Direct Access Program for U.S.-affiliated Iraqis ("Iraqi DAP"), which was created by Congress to provide a pathway to safety for Iraqis who assisted the U.S. military in Iraq and their family members. Two decades after the start of the war in Iraq, over 100,000 Iraqi allies and their family members remain in life-threatening situations, with the Iraqi DAP offering their only prospect for seeking refuge in the United States.

2. On March 1, 2022, the Iraqi DAP reopened after a period of suspension for review of the program.[1] Yet since the program's reopening it is unclear how applications are being reviewed and processed in order to effectively meet the program's need.

3. The aim of this litigation is to obtain information surrounding the processing, adjudication, and review of Iraqi DAP applications to provide clarity and transparency to Iraqi allies and their family members relying on this program to reach safety. The records requested

---

[1] *See* Press Release, U.S. Dep't of State, Restarting the Direct Access Program for U.S.-Affiliated Iraqis (Iraqi P-2 Program) (Mar. 1, 2022), https://www.state.gov/restarting-the-direct-access-program-for-u-s-affiliated-iraqis-iraqi-p-2-program/.

directly implicate the work of Plaintiff the International Refugee Assistance Project ("IRAP") and other advocates whose clients continue to face extensive delays under the program. The records responsive to this request will also disclose publicly beneficial information on the resettlement of refugees displaced by U.S. military activity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) since Plaintiff IRAP's principal place of business is in the Southern District of New York.

## PARTIES

6. Plaintiff IRAP is a 501(c)(3) non-profit organization headquartered at One Battery Park Plaza, 33rd Floor in New York, NY.

7. Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency within the U.S. Department of Homeland Security ("DHS") that oversees immigration to the United States. It is headquartered at 5900 Capital Gateway Drive, Camp Springs, Maryland, 20746. USCIS has responsibility for adjudicating applications for refugee status under the Iraqi DAP and reviewing case decisions. Defendant USCIS is an agency within the meaning of 5 U.S.C. § 552(f), and has possession, custody, and control of the documents and information that IRAP seeks in response to its FOIA Request.

8. Defendant U.S. Department of State ("DOS") is a federal agency in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f). The DOS is involved with overseeing and administering the USRAP. This includes operation of the Iraqi DAP

and assistance with processing of applications for refugee resettlement through the Iraqi DAP. DOS is in possession of, and exerts custody and control over, records responsive to Plaintiff's FOIA request to it.

## STATEMENT OF FACTS

Background on IRAP

9. IRAP is a global legal aid and advocacy organization with a mission to create a world where refugees and all people seeking safety are empowered to claim their right to freedom of movement and a path to lasting refuge.

10. IRAP provides direct legal assistance to refugees and others seeking security, and works with a global network of student advocates, pro bono partners, and supporters to deliver legal solutions for displaced people. Informed by its direct services work, IRAP also engages in media and policy advocacy, as well as impact litigation, to address systemic issues affecting refugees and others in need of a safe home.

11. Disseminating information is an integral component of IRAP's mission. IRAP publishes policy reports on issues relevant to refugees. IRAP creates and maintains "Know Your Rights" legal summaries and other educational materials on its websites, including resources for legal practitioners—which have been accessed more than 7,000 times. And it organizes and publishes documents obtained through FOIA on its website for use by advocates.[2] IRAP also routinely collects and distributes resources to its network of twenty-six law school chapters, seventy-seven law firm partners, and seven corporate partners. IRAP regularly issues press releases and publishes a blog that covers topics relating to refugee policy. In addition, IRAP

---

[2] *See, e.g., IRAP Obtains USCIS Guidance on Humanitarian Parole Applications Through FOIA Litigation*, Int'l Refugee Assistance Project, https://refugeerights.org/news-resources/irap-obtains-uscis-guidance-on-humanitarian-parole-applications-through-foia-litigation (last visited Oct. 5, 2023).

circulates a monthly newsletter to over 30,000 individuals and maintains a Facebook account with over 53,000 followers and a Twitter account with over 23,000 followers.

12. To engage in its mission-driven work, IRAP relies on FOIA requests, such as the requests underlying this lawsuit, to understand governmental policies affecting refugees and other displaced people on the move.

Background on Iraqi DAP

13. In 2008, Congress created the Iraqi DAP pursuant to the Refugee Crisis in Iraq Act of 2007. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1243, 122 Stat. 3, 395 (2008). The Iraqi DAP allows certain categories of Iraqis who believe they are at risk or have experienced serious harm as a result of association with the U.S. government since March 20, 2003, to apply directly for USRAP consideration without the need for a referral by the United Nations High Commissioner for Refugees (UNHCR).

14. On January 22, 2021, the DOS suspended the Iraqi DAP for 90 days to conduct a review of the program following allegations of fraud by U.S. government employees.[3] In April 2021, the suspension was extended indefinitely with no information regarding the status of pending applications or the fraud review itself.

15. DOS finally reopened the Iraqi DAP on March 1, 2022, at which time it began accepting new applications to the program and resumed case processing for applications that had been suspended during the program's review.

---

[3] *See*, Press Statement, U.S. Dep't of State, Ensuring Our Safety and Security Through a 90-Day Suspension of the Direct Access Program for U.S.-Affiliated Iraqis (Jan. 22, 2021), https://www.state.gov/ensuring-our-safety-and-security-through-a-90-day-suspension-of-the-direct-access-program-for-u-s-affiliated-iraqis/.

IRAP's FOIA Request to USCIS

16. On May 5, 2023, IRAP submitted its FOIA request to USCIS via the online portal at https://first.uscis.gov/. A copy of IRAP's request to USCIS ("USCIS FOIA Request") is attached as **Exhibit A**.

17. IRAP's request seeks disclosure of all final reports, recommendations, or memoranda produced by the Defendants relating to the March 1, 2022 resumption of the Iraqi DAP, including but not limited to documents concerning potential readjudication of prior applications and anticipated timelines for such readjudication. It also seeks disclosure of all final policy records used to establish final agency policy or guidance in effect since January 1, 2021, as well as records related to application processing since January 1, 2019.

18. On May 5, 2023, IRAP received email confirmation from USCIS that the FOIA Request was successfully submitted and received by the agency. On May 11, 2023, Defendant USCIS acknowledged receipt of the FOIA Request via letter and assigned it control number COW2023003183. A copy of USCIS's letter is attached as **Exhibit B.**

19. As of the filing date of this Complaint, Defendant USCIS has not made a determination about the FOIA Request.

20. IRAP has exhausted its administrative remedies with respect to the FOIA Request due to Defendant USCIS's failure to comply with FOIA's time limit provisions. *See* 5 U.S.C. § 552(a)(6)(C)(i).

IRAP's FOIA Request to DOS

21. On May 5, 2023, IRAP submitted a FOIA request to DOS via the online portal at foia.state.gov/ seeking agency records relating to the Iraqi DAP and records relating to application

processing under the program since January 1, 2019. A copy of IRAP's request to the DOS ("DOS FOIA Request") is attached as **Exhibit C.**

22. DOS acknowledged receipt of IRAP's DOS FOIA Request via email on May 5, 2023. A copy of DOS's email is attached as Exhibit D. As of the filing date of this Complaint, Defendant DOS has not made a determination about the FOIA Request.

23. IRAP has exhausted its administrative remedies with respect to the FOIA Request due to Defendant DOS's failure to comply with FOIA's time limit provisions. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

24. Plaintiff realleges and incorporates each of the foregoing allegations as if fully set forth herein.

25. Plaintiff has a legal right under FOIA to obtain the specific records sought in the FOIA Requests.

26. Defendants violate the law by failing to respond to the FOIA Requests in a timely manner, to conduct a reasonable search for records responsive to the Requests, and to promptly make the requested records available to Plaintiff. *See* 5 U.S.C. § 552(a); 6 C.F.R. §§ 5.5–5.6; 22 C.F.R. § 171.11.

27. On information and belief, Defendants currently have possession, custody, or control of the requested records.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that Defendants are in violation of FOIA by unlawfully withholding the requested records;

2. Order Defendants to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties and requested format as soon as practicable;

3. Review any and all of Defendants' decisions to redact or withhold information in the requested records as exempt from disclosure;

4. Award Plaintiff's costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

5. Grant other such relief as the Court may deem just and proper.

Dated: October 6, 2023

Respectfully submitted,

/s/ Mevlüde Akay Alp
Mevlüde Akay Alp
Mariko Hirose
International Refugee Assistance Project
One Battery Park Plaza, 33rd Floor
New York, NY, 10004
Tel: 646-988-9876
makayalp@refugeerights.org
mhirose@refugeerights.org